**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CRIMINAL CASE NO. 1:19-cr-00099-MR-WCM**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **SHANNON DALE HENSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Government's Motion to Seal the Government's Sentencing Memorandum [Doc. 30] and the Defendant's Motion to Seal Addendum to Position [Doc. 33].

The parties, through counsel, move the Court for leave to file the Government's Memorandum [Doc. 29] and the Defendant's Addendum [Doc. 32], respectively, under seal in this case. For grounds, counsel state that the Government's Memorandum and the Defendant's Addendum contain detailed sensitive information. [Docs. 30, 33].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings

supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the parties' motions. The parties filed their motions on May 21, 2020, and such motions have been accessible to the public through the Court's electronic case filing system since that time. Further, the parties have demonstrated that the Government's Memorandum and the Defendant's Addendum contain sensitive information and that the public's right of access to such information is substantially outweighed by both the Government's and the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of the Government's Memorandum and the Defendant's Addendum is necessary to protect both the Government's interest in preventing the disclosure of sensitive information and the Defendant's privacy interests.

Upon review of the Government's Memorandum and the Defendant's Addendum, the Court finds that the Government's Memorandum and the Defendant's Addendum contain case material and information of the nature

that is ordinarily sealed and appropriate to be shielded from public access. See United States v. Harris, 890 F.3d at 492.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Seal the Government's Sentencing Memorandum [Doc. 30] and the Defendant's Motion to Seal Addendum to Position [Doc. 33] are **GRANTED**, and the Government's Memorandum [Doc. 29] and the Defendant's Addendum [Doc. 32] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.** Signed: May 27, 2020

Martin Reidinger
United States District Judge